UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LAMAR A. FITZGERALD, | Case No. 3:17CV1162 |
| Petitioner, | JUDGE JACK ZOUHARY |
| v. | Magistrate Judge George J. Limbert |
| MARK HOOKS, WARDEN, | |
| Respondent. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

On May 26, 2017, Lamar Fitzgerald ("Petitioner"), pro se, executed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed with this Court on June 5, 2017. ECF Dkt. #1. He seeks relief for alleged constitutional violations that occurred during his Allen County, Ohio Court of Common Pleas convictions for four counts of Unlawful Sexual Conduct with a Minor and one count of Trafficking in Cocaine. *Id*.

On September 29, 2017, Respondent Warden of the Ross Correctional Institution in Chillicothe, Ohio, filed an Answer/Return of Writ. ECF Dkt. #8. On October 16, 2017, Petitioner filed a Traverse. ECF Dkt. #10.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's federal habeas corpus petition in its entirety with prejudice.

1

**I.     SYNOPSIS OF THE FACTS**

At the state appellate court level, Petitioner filed his notice of direct appeal. ECF Dkt. #8-1 at 32. Petitioner's counsel thereafter filed a motion for leave to withdraw from representation pursuant to *Anders v. California*, 386 U.S. 738 (1967). ECF Dkt. #8-1 at 38-58. The Ohio Third District Court of Appeals dismissed Petitioner's appeal and granted counsel's motion to withdraw. ECF Dkt. #8-1 at 114-117. The Ohio appellate court did not set forth the facts of this case on direct appeal. However, the appellate court stated: "The record as it relates to the motion to suppress, including the transcripts of both the suppression hearing and the trial, indicates that the trial court properly ruled upon that motion and permitted the State to introduce the evidence at appellant's trial." *Id.* at 115-116.

**II.    PROCEDURAL HISTORY**

    **A.     State Trial Court**

On April 16, 2015, an Allen County Grand Jury issued an indictment charging Petitioner with four counts of Unlawful Sexual Conduct with a Minor, in violation of Ohio Revised Code ("ORC") §2907.4(A) and (B)(1)) and one count of Trafficking in Cocaine, in violation of ORC §2925.03(A)(1) and (C)(4)(a)). ECF. Dkt. #8-1, at 3-5. On August 18, 2015, Petitioner, through counsel, filed a motion to suppress evidence obtained from his telephone conversations that were recorded during his incarceration in the Allen County jail. ECF. Dkt. #8-1 at 7-10. Following a hearing, the trial court denied Petitioner's motion to suppress. ECF. Dkt. #8-1 at 16-19. On September 9, 2015, Petitioner executed a waiver of his right to a jury trial and elected to be tried before the court. ECF. Dkt. #8-1 at 20. During the bench trial, Petitioner elected to represent himself pro se with shadow counsel present at trial. ECF Dkt. #8-1 at 23.

On September 23, 2015, the trial court found Petitioner guilty on all counts. *Id.* at 21-24. On September 23, 2015, the court imposed a sentence of 15 months incarceration on each of the four counts of Unlawful Sexual Conduct with a Minor and 12 months for the count of Trafficking in Cocaine. *Id.* at 25-31. The court ordered all sentences to be served consecutively to each other and consecutive to his sentence in a prior, unrelated case. ECF. Dkt. #8 Ex. 6.

### B. Direct Appeal

On September 28, 2015, Petitioner filed a timely notice of appeal to the Third District Court of Appeals, Allen County. ECF Dkt. # 8-1 at 32. On June 13, 2016, appellate counsel for Petitioner filed a motion to withdraw from representation pursuant to *Anders v. California*, 386 U.S. 738 (1967), believing there were no meritorious issues upon which an assignment of error would be properly presented to the appellate court. ECF Dkt. # 8-1 at 38-58. On July 20, 2016, Petitioner, pro se, filed his appellate brief and asserted the following assignments of error:

> 1. The trial court committed plain error by allowing into evidence the fruit of the search prompted by the improper use of county sheriff recordings by the Lima City Police.
>
> 2. The trial court erred as a matter of law in ruling against the Appellant's motion to suppress the phone recordings of his call from the Allen County Jail as the search by Lima Police of these records was overly broad and amounted to a "fishing expedition."
>
> 3. The trial court committed plain error in allowing hearsay evidence to be entered into the record with respect to the sibling of the alleged victim's recollection of a conversation between her and the Appellant regarding disclosure of the alleged victim's age.
>
> 4. The State failed to provide sufficient evidence to convict Appellant of the crime of unlawful sexual conduct with a minor as it failed to introduce into evidence documentation as to the age of the alleged victim of the offense, thus failing to prove every element of the crime.
>
> 5. The State failed to prove all the elements of the crime, including Appellant's alleged reckless behavior, thus the resulting conviction on the charge of unlawful sexual conduct with a minor was against the manifest weight of the evidence.

ECF Dkt. #8-1 at 94-113.

On September 8, 2016, the Ohio appeals court addressed the motion to withdraw by Petitioner's counsel and addressed Petitioner's pro se assignments of error. *Id.* at 114. The court found that there were no arguable issues and declared Petitioner's appeal to be wholly frivolous. *Id.* at 116. Accordingly, the court dismissed the appeal and granted the motion to withdraw. *Id.* at 116-117.

### C. Ohio Supreme Court

On October 13, 2016, Petitioner, pro se, filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #8-1 at 118-119. In his memorandum in support of jurisdiction, Petitioner raised the

3

following propositions of law:

> Proposition of Law 1: When does law enforcement, an employee of a separate subdivision not from the County jail institution and not affiliated with its operations or security, have the lawful/legal right to intercept, access, or review inmate telephone call recordings for criminal investigations without judicial authorization or subpoena? 18 U.S.C.A. §§2510-2520.
>
> Proposition of Law 2: Does a trial court err as a matter of law in allowing admission of evidence obtained by an overreaching warrantless search of electronic recordings? Fourth Amendment to the United States Constitution.
>
> Proposition of Law 3: If Appellant did not engage in reckless behavior, or know the age of the alleged victim at the time of the alleged crime, was the *mens rea* requirement met for commission of a crime?. O.R.C. §2907.04(A).

*Id.* at 120-134.

On March 15, 2017, the Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal. *Id.* at 140.

### III.    28 U.S.C. § 2254 PETITION

On May 26, 2017, Petitioner, pro se, executed the instant petition for a writ of federal habeas corpus in this Court, which was filed with this Court on June 5, 2017. ECF Dkt. #1. Petitioner raises the following grounds for relief:

> 1. Petitioner was denied his Fourth, Fifth, and Fourteenth Amendment right[sic] to be secure against unreasonable searches and seizures, and that[sic] a life not to be deprived without Due Process.
>
>    Supporting facts: While Petitioner was incarcerated in the sheriff jail, his phone calls were intercepted by an[sic] law enforcement, a city police detective that is not employed with the sheriff jail for criminal investigations unrelated to the jail. Upon listening to a conversation that the Petitioner made, the cop says the girl voice sound[sic] young so he looked for something to help him identify the girl. Petitioner was later charge[sic] with unlawful sexual conduct with a minor and trafficking cocaine (see memorandum in support of petition for writ).
>
> 2. The 'mea rea'[sic] requirement was not met for commission of the crime.
>
>    Supporting facts: At trial the alleged victim say she told Petitioner that she was a legal age that she would lie about her age to get drugs. But the Petitioner was still found guilty. (See memorandum of law in support).

ECF Dkt. #10.  With his §2254 federal habeas corpus petition, Petitioner filed a memorandum in support. ECF Dkt. #1-1. On September 29, 2017, Respondent filed an Answer/ Return of Writ. ECF Dkt. #8. On October 16, 2017, Petitioner filed a Traverse. ECF Dkt. #10.

## IV. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not currently at issue in this case.

### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional

law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also McMeans*, 228 F.3d at 681 (citing *Franklin*, 811 F.2d at 325).

### C. Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson,* 501 U.S. 722, 730 (1991). For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision when that decision is based on or interwoven with federal law, absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735 (citing *Michigan v. Long*, 463 U.S. 1031, 1040-41 (1983)).

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991). Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman,* 501 U.S. at 729-30; *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) ("[I]f a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review."); *Gall v. Parker*, 231 F.3d 265, 310

(6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises). Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004). Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

> Simply stated, a federal court may review federal claims:
>
> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

The above standards apply to the Court's review of Petitioner's claims.

## **V**.    **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. §2254, well after the Act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. §2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

  (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

    (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. §2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

  Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. §2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. §2254(e)(1). The presumption of correctness applies to basic primary facts, and not to

8

mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## VI. LAW AND ANALYSIS

### A. GROUND FOR RELIEF NUMBER 1 -NONCOGNIZABILITY

In his first ground for relief, Petitioner asserts that the "interception" of his phone calls from the jail violated (1) his Fourteenth Amendment right to be secure against unreasonable searches and seizures; (2) his Due Process rights under both the Fifth and Fourteenth Amendments; and (3) his Eighth Amendment right to be free from cruel and unusual punishment. ECF Dkt. #1-1 at 5. He cites to state and federal law in support. *Id.* at 9-18. Petitioner alleges that the trial court erred by admitting into evidence a recorded phone call that he made to the victim from the jail where he was incarcerated. ECF Dkt. #1 at 6; ECF Dkt. #10 at 2-8. Petitioner contends that the trial court erred in denying his motion to suppress the phone call because the purpose of recording phone calls in the jail was limited to maintaining internal security, and the detective, who was not employed by the jail and who listened to the call during an investigation, exceeded his authority and acted outside the scope of his official duties. ECF Dkt. #1-1, at 4-5, 9-18. Petitioner asserts that the listening of the phone call amounted to "an unreasonable warrantless interception without probable cause." *Id.* at 17. Respondent asserts that the Court should decline to review Petitioner's first ground for relief because it is not cognizable. ECF Dkt. #8 at 7-8.

Pertinent facts to Petitioner's first ground for relief are provided in the transcript of the suppression hearing. A detective from the Lima City Police Department was investigating Petitioner for multiple crimes while Petitioner was in custody on a different case. The detective testified that he received information that Petitioner may have been involved in another violent crime he was

9

investigating, so as a result, he listened to phone calls Petitioner made from jail. ECF Dkt. #8-1 at 146-147. The detective further testified that at the beginning of a call from the jail, both parties to the call hear a warning that states that the call is subject to being recorded and monitored. *Id.* at 147. The detective was not employed by the Allen County correctional institution where Petitioner was held in custody, and he testified that he did not listen to the phone calls for jail security purposes. *Id.* at 150, 154. The detective testified that he heard Petitioner's conversations with a female and decided to investigate who the female was, and that investigation led to the instant charges and convictions. *Id.* at 151-152.

### *1. Fourth Amendment Challenge*

Petitioner first asserts that his Fourth Amendment right to be free from unreasonable search and seizure was violated by the detective who listened to his conversation at the jail for no jail security purpose.

In *Stone v. Powell*, the United States Supreme Court held "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state petitioner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 481 (1976). Thus, federal habeas corpus review of alleged Fourth Amendment claims is extremely limited. *Pierce v. Bunting*, No. 1:12CV2561, 2014 WL 5517256, at *7 (Oct. 31, 2014), (citing *Loza v. Mitchell*, 705 F.Supp.2d 773, 859–60 (S.D.Ohio 2010)) (quotations omitted).

Relying on *Stone*, the Sixth Circuit held that in determining whether a Fourth Amendment claim can proceed in a federal habeas corpus action, the Court must perform two distinct inquiries. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The Court must first "determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id.* at 526.

The Sixth Circuit Court of Appeals in *Riley* held that "the mechanism provided by the State of Ohio for the resolution of fourth amendment claims, is, in the abstract, clearly adequate." 674 F.2d at 526. The Sixth Circuit outlined the mechanisms, first citing to Rule 12 of the Ohio Rules of

10

Criminal Procedure which provides an opportunity to raise Fourth Amendment claims through a motion to suppress. *Id.* (citing Ohio R. Crim. P. 12). The Court also cited to a defendant's ability to directly appeal a court's denial of a motion to suppress. *Id.* at 526 (citing Ohio R. App. P. 3(A) and Ohio R.App.P. 5(A)). The Sixth Circuit found that these rules "provide an adequate procedural mechanism for the litigation of fourth amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision." *Id.* at 526.

Similar to *Riley*, Petitioner in the instant case filed a motion to suppress through counsel. ECF Dkt. #8-1 at 7-15. In his motion to suppress, Petitioner raised Fourth, Fifth, and Fourteenth Amendment issues. *Id.* at 9-10. When the trial court denied this motion, Petitioner, with new counsel, filed a Notice of Appeal. *Id.* at 32. Subsequently, the new counsel filed a Motion to Withdraw and Petitioner, pro se, filed his appellate brief and asserted five assignments of error concerning the Fourth Amendment and evidentiary issues. *Id.* at 28-58, 101-112. Petitioner's appeal was dismissed. *Id.* at 116-117. Petitioner next appealed to the Supreme Court of Ohio, but the court declined to accept jurisdiction over Petitioner's case. *Id.* at 140. Through these state procedural mechanisms, Petitioner has thus been afforded the opportunity to raise his claims in the Ohio courts and the undersigned recommends that the Court decline to review his Fourth Amendment challenges.

***2. Due Process Challenge***

Petitioner also raises a Due Process challenge concerning the admissibility of the phone call evidence. Federal habeas corpus relief is warranted in such situations where a state's evidentiary ruling results in the denial of federal Due Process. *Estelle v. McGuire*, 502 U.S. 62, 67-68. An issue concerning the admissibility of evidence does not rise to a level of constitutional magnitude so as to violate Due Process and warrant habeas relief unless the "evidentiary ruling is so egregious that it results in a denial of fundamental fairness." *Baze v. Parker*, 371 F.3d 310, 323 (6th Cir. 2004) (quoting *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)). To determine whether an evidentiary ruling has denied a defendant's fundamental Due Process rights, the court should consider the extent to which the evidence is "critical" to the case, whether it "tends to exculpate" the accused, and

11

whether the evidence bears "persuasive assurances of trustworthiness." *Turpin v. Kassulke*, 26 F.3d 1392, 1396 (6th Cir. 1994)(quoting *Chambers v. Mississippi*, 410 U.S. 284, 297, 302 (1973)).

Petitioner asserts that his Fifth and Fourteenth Amendment Due Process rights were violated by the trial court's admission of the phone call into evidence because the detective did not have probable cause or a warrant to listen to the recorded phone calls from the jail, and, therefore, the trial court erred in admitting the "fruit of the poisonous tree." ECF Dkt. #1-1 at 15-18. He cites to state and federal law in support. *Id.* The trial court found the evidence was admissible because Petitioner did not have a reasonable expectation of privacy in the contents of his phone calls. ECF Dkt. #8-1 at 17-18. This finding was upheld on appeal. *Id.* at 114-117. Although the phone call evidence was critical to the case, Petitioner has failed to demonstrate that the trial court's ruling was so egregious so as to deny him fundamental fairness. Further, a review of the trial court's decision leads the undersigned to recommend that the Court find that the trial court's decision was not egregious.

### *3. Eighth Amendment Challenge*

Petitioner also includes a brief, two-sentence Eighth Amendment challenge, arguing that the detective listened to the phone calls merely to find something for which to prosecute Petitioner. ECF Dkt. #1-1 at 18. Petitioner does not include specific facts or legal analysis to support this contention, but rather makes mere conclusory statements. Accordingly, the undersigned recommends that the Court decline to address this Eighth Amendment challenge.

For the above reasons, the undersigned recommends that the Court decline to review Petitioner's first ground for relief.

### B. GROUND FOR RELIEF NUMBER 2– INSUFFICIENT EVIDENCE

In this ground for relief, Petitioner asserts that insufficient evidence was presented to meet the *mens rea* element of the crime of Unlawful Sexual Conduct with a Minor under ORC §2907.04(A). ECF Dkt. #1 at 8; ECF Dkt. #1-1 at 19-20; ECF Dkt. #10 at 8. Petitioner contends that both the alleged victim and her mother told Petitioner that she was of legal age, and, as a result of the misrepresentation, he did not knowingly or recklessly engage in sexual conduct with a minor. ECF Dkt. #1-1 at 19.

An allegation that the verdict was entered upon insufficient evidence states a claim under the

Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307, reh'g denied, 444 U.S. 890 (1979), and *In re Winship*, 397 U.S. 358 (1970). In order to establish an insufficiency of the evidence claim, the relevant inquiry is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Scott v. Mitchell*, 209 F.3d 854, 885 (6th Cir. 2000), quoting *Jackson*, 443 U.S. at 319. When reviewing the sufficiency of the evidence, a federal habeas court may not weigh the evidence, assess the credibility of the witnesses, or substitute its judgment for the jury. *See United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir.1995). Moreover, the inquiry is not whether the trier of fact made the correct determination of guilt or innocence, but whether it made a rational decision to acquit or convict. *Williams v. Haviland,* No. 1:05CV1014, 2006 WL 456470, *3 (N.D.Ohio Feb. 24, 2006) (citing *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993)).

In determining whether the state court's determination was objectively unreasonable, the Court must first determine whether the evidence was sufficient to convict under *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Pinchon v. Myers*, 615 F.3d 631, 643 (6th Cir. 2010). If sufficient evidence exists with which to convict, the inquiry ends. *Id*. If the Court finds that the evidence is insufficient to convict, then it must apply the AEDPA deference standard and determine whether the Ohio appellate court's determination as to the trial court's verdict was "objectively unreasonable" in concluding to the contrary, keeping in mind that it is looked at "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 644 (quoting *Tucker v. Palmer*, 615 F.3d 631 (6th Cir. 2010); *Jackson*, 443 U.S. at 324 n.16. This is the "double layer" of deference due a state court determination about the sufficiency of the evidence. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). A district court is not permitted to overturn a conviction merely because it would have acquitted had it acted as the finder of fact. *Brown v. Davis*, 752 F.2d 1142, 1147 (6th Cir. 1985); *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983).

Counts One through Four of the Indictment in this case charged Petitioner with Unlawful Sexual Conduct with a Minor under Ohio Revised Code § 2907.04(A), 2907.04(B)(1) for engaging in sexual conduct with the victim who was less than sixteen years of age. ECF Dkt. #8-1 at 3-4.

Sexual conduct is defined under Ohio Revised Code § 2907.01(A) as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." ORC § 2907.01(A).

Petitioner's only challenge is whether sufficient evidence existed to establish the *mens rea* element of Unlawful Sexual Conduct with a Minor. Respondent cites to testimony from the trial transcript to rebut Petitioner's second ground for relief, asserting that insufficient evidence was presented to prove the *mens rea* element for the charges of Unlawful Sexual Conduct with a Minor. ECF Dkt. #8 at 10. Respondent cites to Ohio law and asserts that the requisite *mens rea* is that the accused either knew the victim was less than sixteen years of age or was reckless in that regard. *See* ORC § 2907.04(A). Respondent cites to the trial transcript in order to show that after Petitioner knew the victim's age, he continued to engage in sexual conduct with the victim, which satisfies the *mens rea* element. ECF Dkt. #8 at 10.

The undersigned recommends that the Court find that the Ohio appellate court applied the correct legal standards and its decision finding that the evidence was sufficient to support the convictions of Unlawful Sexual Conduct with a Minor were not contrary to or an unreasonable application of *Jackson,* 443 U.S. 307. On appeal, the Ohio appellate court found that Petitioner's convictions were not based on insufficient. ECF Dkt. 8-1 at 116 (citing *State v. Jenks*, 574 N.E.2d 259 (Ohio 1991). The appellate court found that Petitioner's appeal has no merit and declared it "wholly frivolous." ECF Dkt. #8-1 at 116.

This Court should defer to the Ohio appellate court's decision because it is not objectively unreasonable in concluding that a rational trier of fact could find Petitioner guilty beyond a reasonable doubt. *Pinchon v. Myers*, 615 F.3d 631, 643 (citing *Jackson v. Virginia*, 443 U.S. 307, 319). The Sixth Circuit has held that "the testimony of the victim alone is constitutionally sufficient to sustain a conviction." *Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008)(citing *United States v. Terry*, 362 F.2d 914, 916 (6th Cir. 1966)). In *Glover v. Warden*, the Court upheld the denial of a federal habeas corpus petition by the district court in which the petitioner had asserted

insufficiency of the evidence to support a rape of a minor conviction due to lack of DNA evidence and assertions that the minor victim had lied while testifying at trial. No. 17-3362, 2017 WL 8792664, at *2 (6th Cir. Oct. 11, 2017), unpublished. The Sixth Circuit held that "[t]he victim's testimony is sufficient to support a rape conviction; the prosecution is not required to produce medical or other physical evidence to corroborate the victim's testimony." *Id*., citing *State v. Johnson*, 858 N.E.2d 1144, 1158 (Ohio 2006). Besides citing a lack of medical or physical evidence to establish his DNA, Glover had also asserted that the minor victim lied about abusing her when she was six or seven years old by performing oral sex on her and that he continued this abuse for eleven years. *Id.* The Sixth Circuit held that federal habeas corpus courts do not engage in credibility assessments and therefore based upon the testimony of the victim, reasonable jurists "would not debate the district court's conclusion that the state court's decision that the evidence was sufficient for the trial judge to convict him of rape was not contrary to or an unreasonable application of *Jackson*." *Id.*

The Ohio appellate court did not cite to specific facts in the record to support its conclusion that Petitioner's convictions were not based on insufficient evidence due to finding Petitioner's appeal wholly frivolous. The appellate court did hold that the record supported the trial court's finding that sufficient evidence existed as to Petitioner's *mens rea*. The trial court, as the finder of fact, made a rational decision based on the available evidence that Petitioner violated ORC §2907.04. At trial, the victim's sister testified that after she learned that Petitioner and her sister had a sexual relationship, the sister told Petitioner that "My sister's [the victim is] only 15. What are you doing?... She's too young for this." ECF Dkt. #8-1 at 230-231. During her testimony, the victim affirmed that although she initially told Petitioner she was sixteen years old, the Petitioner eventually found out the victim's true age of fifteen years, yet they continued having a sexual relationship. *See id.* at 332-337. On cross examination, which Petitioner himself conducted, Petitioner asked the victim, "When did you tell me that you was 15?" *Id.* at 345. The victim replied with a time and place, and Petitioner did not question the victim about this issue further, but rather he moved on with his questioning to a different topic. *Id.*

Based on the trial testimony of the victim and her sister as outlined above, the undersigned

15

recommends that the Court find that the Ohio appellate court's decision to affirm the trial court's decision and to find that the evidence was sufficient to find Petitioner guilty of Unlawful Sexual Conduct with a Minor was not contrary to or an unreasonable application of *Jackson*.

### VII. CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned recommends that the Court DISMISS the instant petition in its entirety with prejudice. ECF Dkt. #1.

DATE: May 17, 2019      */s/ George J. Limbert*
　　　　　　　　　　　　　GEORGE J. LIMBERT
　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).